# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-12-298-D |
| | ) | |
| KIMBERLY DAWN LOGSDON and | ) | |
| WILLIAM MICHAEL LOGSDON, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is the motion [Doc. No. 45] of Defendant William Michael Logsdon ("Mr. Logsdon") for issuance of a subpoena duces tecum to a non-party, the Apache Tribe of Oklahoma ("Apache Tribe"). Pursuant to Fed. R. Crim. P. 17(c), Defendant seeks the production by the Apache Tribe of certain documents and video recordings within its possession and control. The government objects to the issuance of a subpoena.

Background:

In this action, Defendant Kimberly Logsdon ("Mrs. Logsdon") was initially named as the sole defendant in an Indictment charging her with one count of violating 18 U. S. C. § 1168(b) by embezzling more than $1,000.00 from the Silver Buffalo Casino in Anadarko, Oklahoma, where she was employed as a cashier clerk. The casino was owned and operated by the Apache Tribe. In a Superseding Indictment, Mr. Logsdon was named as an additional defendant, and he was charged with misprision of a felony in violation of 18 U.S.C. § 4. Specifically, Mr. Logsdon was charged with having knowledge that his wife, Mrs. Logsdon, was engaged in the commission of a felony by virtue of embezzling funds from the casino, and he failed to report the same to any authority. The Superseding Indictment also charged Mr. Logsdon with perjury in violation of 18 U.S.C. § 1623(a),

alleging that he falsely testified before the grand jury that Mrs. Logsdon did not embezzle funds.

Subsequently, a Second Superseding Indictment was filed. In addition to the foregoing charges, it asserted charges against both defendants based on their alleged failure to file federal income tax returns for income earned during the 2008 tax year. Count 4 of the Second Superseding Indictment charges Mrs. Logsdon with this crime in violation of 26 U.S.C. § 7203, and Count 5 charges Mr. Logsdon with the same crime.

The record reflects that there has been extensive discovery in the case, including production of documents as well as video recordings from surveillance equipment at the Silver Buffalo Casino during Mrs. Logsdon's employment. The parties have represented to the Court that discovery has involved production of almost 6,000 pages of documents and numerous recordings of video surveillance from the casino. *See* Joint Motion to Continue Trial [Doc. No. 30]. As explained in more detail, *infra,* Mr. Logsdon believes the Apache Tribe is in possession of additional documents and video surveillance recordings which it has not produced to the government, and he now seeks to subpoena such material.

Rule 17(c) standards:

Rule 17(c) provides in relevant part:

> A subpoena may order the witness to produce any books, papers, documents, data or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them. On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

Fed. R. Crim. P. 17(c). In order to obtain a subpoena pursuant to the Rule, the moving party must show that: 1) the documents requested are evidentiary and relevant; 2) they are not otherwise procurable reasonably in advance of trial by the exercise of due diligence; 3) the requesting party

cannot properly prepare for trial without such production and inspection in advance of trial, and the failure to obtain such inspection may tend to unreasonably delay the trial; and 4) the application is made in good faith and is not intended as a general "fishing" expedition. *United States v. Nixon*, 418 U.S. 683, 699 (1974); *United States v. Abdush-Shakur*, 465 F.3d 458, 467 (10th Cir. 2006). In *Nixon*, the Supreme Court created three "hurdles" which must be cleared by a movant seeking a subpoena under Rule 17(c): relevancy, admissibility, and specificity. *Nixon*, 418 U.S. at 700. All three requirements must be satisfied to warrant issuance of the subpoena. *United States v. Morris*, 287 F.3d 985, 991 (10th Cir. 2002).

To show the relevance of requested documents, a defendant must explain "how the requested material relates to the charges against him" or how the documents will be used in his defense. *Abdush-Shakur*, 465 F.3d at 467. "Conclusory statements do not establish relevance." *Id.* A movant must describe a narrow set of documents; a request for "all records, documents, reports, telephone logs, etc." has been rejected as too broad to avoid a conclusion that the request is "an impermissible fishing expedition." *Morris*, 287 F.3d at 991.

"Specificity is the most difficult hurdle to overcome" when seeking a Rule 17(c) subpoena duces tecum. *United States v. Wittig*, 250 F.R.D. 548, 552 (D.Kan. 2008). "'The specificity requirement ensures that Rule 17(c) subpoenas are used only to secure for trial certain documents or sharply defined groups of documents.'" *Id.* (quoting *United States v. Anderson*, 31 F.Supp.2d 933, 944 (D.Kan. 1998)). "The specificity and relevance requirements demand more than the title of a document and conjecture concerning its contents." *Id.* (citing *United States v. Hardy*, 224 F.3d 752, 755 (8th Cir. 2000)). Speculation that a document or group of documents may exist is not sufficient. *Wittig*, 250 F.R.D. at 552. Furthermore, the fact that a document which *may* exist would likely be

3

admissible at trial is not sufficient to warrant issuance of a Rule 17(c) subpoena. *Id.* at 554.

With respect to the specific categories of documents requested, Mr. Logsdon addresses each of the Rule 17(c) requirements, arguing that each is satisfied. The government disagrees, contending the requests are too broad and lack the requisite specificity. In any event, the government contends the documents do not seek material which is relevant and admissible at trial.

<u>Application:</u>

Mr. Logsdon seeks a subpoena duces tecum to obtain what he believes are additional documents and possible video recordings within the possession and control of the Apache Tribe, which maintains such material as a result of the closing of the Silver Buffalo Casino. Specifically, Mr. Logsdon seeks a subpoena requiring production of the following:

> 1) any and all communication, including written correspondence, notes transcribing verbal conversations, audio or video recordings of discussions, concerning reporting problems and system issues with the M3 Computer Gaming System used by the Silver Buffalo Casino from 2006 through 2008, to include, but not be limited to, communication from Cheryl Critchfield, Davis Tripp, Remi Mendoza, Wayne Chambers, personnel at M3 and the Apache Tribe's business committee members and/or board of directors;
>
> 2) any and all financial records for the Silver Buffalo Casino in 2008, to include, but not be limited to, quarterly and annual financial audits conducted internally and by outside accounting firms;
>
> 3) the 2008 financial audit(s) of the Silver Buffalo Casino prepared by Arledge & Associates and the National Indian Gaming Commission;
>
> 4) any and all video surveillance for the Silver Buffalo Casino in 2008;
>
> 5) any and all transaction reports, cash-out sheets and vouchers in 2008 for each individual cashier at the Silver Buffalo Casino.

*See* proposed subpoena duces tecum, Exhibit 1 to Mr. Logsdon's motion. The recipient of the requested subpoena is directed to produce the foregoing items at the office of the Federal Public

4

Defender and to do so 10 days from service of the subpoena. *Id.* Mrs. Logsdon does not join in the request for a subpoena duces tecum.

Mr. Logsdon argues that the foregoing requested items satisfy the Rule 17(c) requirements of relevancy, admissibility, and specificity. However, as set forth herein, the broadly worded and largely non-specific requests for documents fail to meet these requirements.

With respect to his request number 1 regarding the M3 Computer Gaming System used by the casino, Mr. Logsdon argues that discovery has shown the system had significant reporting and printing errors in 2008, and believes that such errors may have caused Mrs. Logsdon's cashier reports to reflect the "double counting" which is part of the basis for the embezzlement charge against her. The government argues that the evidence will show Mrs. Logsdon double-counted a customer's reported winnings reflected on a voucher submitted by the customer, and she kept the duplicate proceeds for her own use.

Mr. Logsdon argues that he has learned through discovery that the individuals identified in his first request corresponded with the Indian Gaming Commission and others concerning problems associated with the casino's computer program. He believes these additional documents will support his contention that Mrs. Logsdon's alleged double-counting of vouchers was the result of computer errors rather than intentional conduct on her part. In response, the government contends that Mr. Logsdon has not explained how general problems with the casino's computer provide a defense or undermine the government's evidence. According to the government, the evidence supporting the embezzlement charge includes vouchers reflecting Mrs. Logsdon's personal signature, which was not computer-generated, and this evidence shows Mrs. Logsdon personally signed duplicate vouchers and retained the proceeds for her own use. The government argues that Mr. Logsdon has

5

not explained how the existence of computer problems could undermine this evidence or the video surveillance recordings of Mrs. Logsdon. According to the government, the evidence will show that, on numerous occasions, Mrs. Logsdon scanned a voucher into the computer and paid the customer; she then separately treated the voucher as a non-scanned ticket, and paid the duplicate proceeds to herself.

The Court agrees with the government that, with respect to documents related to alleged problems with the casino's computer system, Mr. Logsdon has failed to adequately explain how these documents are relevant because he does not explain how any problems with the computer system would counter the evidence that Mrs. Logsdon prepared and personally signed duplicate vouchers for customer proceeds. Accordingly, Mr. Logsdon's request for a subpoena seeking the documents set out in the first request in the proposed subpoena is denied.

Mr. Logsdon's second request for documents seeks 2008 financial records for the casino, including but not limited to, quarterly and annual financial audits conducted internally or by outside accounting firms. The third request seeks a 2008 audit or audits for the casino prepared by a specific firm and by the Indian Gaming Commission. In support of these requests, Mr. Logsdon argues that no financial records for the casino have been produced. He contends that news articles following the July 2013 closing of the Silver Buffalo Casino reflect allegations that Apache Tribe members may have improperly commingled funds from the Silver Buffalo Casino and another casino operated by the tribe, and there were also allegations that funds were stolen from the casino's vault. Mr. Logsdon suggests that the losses incurred by the Silver Buffalo Casino may have been the result of improper conduct other than the embezzlement with which Mrs. Logsdon is charged. He further contends that production of the audits is "vital to Mr. Logsdon's defense that Mrs. Logsdon did not

6

take the money." Motion at p. 6.

As the government points out in response, even if there were evidence that other individuals improperly took casino funds or otherwise contributed to the losses sustained by the casino, that evidence would not undermine evidence that Mrs. Logsdon embezzled funds in the specific manner described by the government. That there were losses in addition to those allegedly caused by Mrs. Logsdon's conduct would not relieve her of liability for her own conduct. The Court finds that Mr. Logsdon has not clearly articulated the basis for his contention that the audit information is vital to his defense. The motion to subpoena the documents set forth in the second and third requests is denied.

With respect to Mr. Logsdon's fourth request, seeking 2008 video surveillance for the casino, the government does not dispute that surveillance of Mrs. Logsdon's work station is relevant. It states that the Apache Tribe has represented to the government that all recordings reflecting surveillance of her work station have been produced, and the government in turn asserts the same have been provided to the defendants' counsel. The Court does not find relevant any surveillance of other portions of the casino, and Mr. Logsdon does not sufficiently argue how that additional surveillance is relevant to his defense. With respect to additional video surveillance of Mrs. Logsdon's work station, Mr. Logsdon does not provide any explanation for a belief that additional recordings exist, and he agrees the government has produced all such recordings provided to it by the Apache Tribe. As discussed, *supra*, a Rule 17(c) subpoena cannot properly be issued where the existence of requested items is speculative, and the only contention is that such items *may* exist. *See, e.g., Wittig*, 250 F.R.D. at 552. The fourth request is denied.

In his fifth request for documents, Mr. Logsdon seeks copies of all 2008 transaction reports,

7

cash-out sheets and vouchers for each individual cashier at the casino. It is not disputed that documents reflecting Mrs. Logsdon's transactions in 2008 have been produced. Mr. Logsdon does not explain the relevance of information reflecting the records of the other cashiers' work. The conduct of other cashiers is not at issue in this case, and what other cashiers' records might reflect does not bear on whether Mrs. Logsdon did or did not embezzle the funds as charged. The fifth request is denied.

Conclusion:

For the foregoing reasons, Mr. Logsdon's Rule 17(c) motion for a subpoena duces tecum is DENIED.

IT IS SO ORDERED this 21st day of October, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE