# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-12-298-D |
| | ) | |
| KIMBERLY DAWN LOGSDON and | ) | |
| WILLIAM MICHAEL LOGSDON, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Before the Court is the motion in limine [Doc. No. 41] of Defendant William Michael Logsdon ("Mr. Logsdon"), to which the government objects. Mr. Logsdon seeks to exclude at trial the testimony of an accountant, Rick Walters, of the Chickasha, Oklahoma accounting firm of Johnson, Badertscher & Moore. Mr. Logsdon contends that Mr. Walters is offering expert testimony which does not satisfy the requirements of Fed. R. Evid. 702 and must be excluded pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) because it is based on unreliable data and unsound methodology. The government responds that Mr. Walters is not testifying as an expert witness or offering an expert opinion; instead, he will offer only fact testimony regarding his review of certain documents and his calculation of the total amount of certain vouchers. Thus, it contends that the requirements of Rule 702 and *Daubert* are inapplicable and any alleged deficiencies in his testimony may be the subject of cross-examination at trial.

Background:

Defendant Kimberly Dawn Logsdon ("Mrs. Logsdon") is charged with embezzling funds from the Silver Buffalo Casino, a gaming facility owned and operated by the Apache Tribe. She was employed as a cashier at the casino in 2008, and is accused of creating duplicate vouchers reflecting

customer winnings. According to the government, she paid the proceeds of a winning voucher to the customer but then prepared a duplicate voucher and kept the proceeds of the duplicate voucher for her own use. She is alleged to have embezzled over $150,000.00. Her husband, Mr. Logsdon, is charged with misprision of a felony based on the allegation that he knew of her illegal conduct and failed to report it. Both are also charged with failing to file federal tax returns for the 2008 tax year.

According to the government, Mr. Walters will testify that the Apache Gaming Commission contacted him in 2008 and asked that he review Mrs. Logsdon's 2008 cashier records to determine the dollar value of any doubled-counted winning vouchers. He is expected to testify that the Commission provided him with a computerized list of all winning vouchers paid by Mrs. Logsdon in 2008 by scanning the vouchers into the computer; he was also provided with photocopies of additional winning vouchers that Mrs. Logsdon did not scan into the computer, but paid manually. According to the government, each scanned and manual voucher reflects a dollar amount and a unique identifying number. Mr. Walters is also expected to testify that he was provided photocopies of Mrs. Logsdon's handwritten cashier checkout sheets on which she recorded the total of all scanned and unscanned vouchers she paid each day. He will testify that he located duplicate voucher numbers, added the total amount reflected on the same, and arrived at a sum of $174,472.56. He prepared a spreadsheet for the Apache Gaming Commission reflecting his calculation, and submitted a letter explaining the work performed and the results. A copy of the letter is attached to Mr. Logsdon's motion.

Mr. Logsdon argues that the testimony to be offered by Mr. Walters, a certified public accountant, is expert opinion testimony which cannot be admitted unless it satisfies the requirements

of Fed. R. Evid. 702 and *Daubert*. He contends that Mr. Walters's review of documents is inadequate and that problems with the casino's computer system may render the records incomplete. He argues that Mr. Walters's conclusion that Mrs. Logsdon's receipts reflect double-counted vouchers constitutes a flawed opinion because it is based on incomplete records. The government argues that Mr. Walters is not designated as an expert and does not intend to offer an opinion. Instead, his testimony is limited to an explanation of the documents[1] he reviewed and the mathematical calculations he performed.

As Mr. Logsdon correctly notes, the admissibility of expert opinion testimony is governed by Fed. R. Evid. 702 which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed.R.Evid. 702. The parties agree that, where expert testimony is proffered, the Court must determine its admissibility by determining that it is based on "scientific" knowledge, which is defined as that which is grounded in the methods and procedures of science or "derived by the scientific method." *Daubert,* 509 U.S. at 590. Where the testimony is not purely scientific, its relevance and reliability are determined by examining factors applicable to the topic of the testimony. *Kumho Tire Company, Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999).

Rule 702 and *Daubert* are applicable only to proposed expert opinions, however, and the requirements do not apply to a lay witness testifying to facts derived from examining evidence.

---

[1] The government also states that the documents Mr. Walters reviewed will be admitted in evidence through the testimony of other witnesses.

More specifically, the fact that a witness may, by education or training, potentially qualify to serve as an expert witness does not compel the conclusion that his testimony constitutes an expert opinion governed by Fed. R. Evid. 702. "[W]itnesses need not testify as experts simply because they are experts-the nature and object of their testimony determines whether the procedural protections of Rule 702 apply." *United States v. Caballero*, 277 F.3d 1235, 1246 (10th Cir. 2002). Where the witness does not purport to express an expert opinion, but will testify only to facts of which he has personal knowledge, the requirements of Rule 702 and *Daubert* do not apply. *Id.* at 1247.

In fact, Rule 702 applies only where the testimony or evidence consists of information that is beyond the scope of a reasonable juror's knowledge and understanding. When "a juror would be able to understand the evidence without specialized knowledge concerning the subject," expert testimony is not required. *United States v. Rodriguez-Felix*, 450 F.3d 1117, 1123 n. 2 (10th Cir. 2006) (citing *United States v. McDonald*, 933 F.2d 1519, 1522 (10th Cir. 1991)). In fact, Rule 702 expressly provides that expert opinion testimony is admissible only "if...the expert's scientific, technical, or other specialized knowledge *will help the trier of fact to understand* the evidence or to determine a fact in issue." Fed. R. Evid. 702(a) (emphasis added).

"Pursuant to Rule 702, courts must conduct a 'common-sense inquiry' into whether a juror would be able to understand certain evidence without specialized knowledge." *United States v. Garcia*, 635 F.3d 472, 476 (10th Cir. 2011) (quoting *United States v. Becker*, 230 F.3d 1224, 1231 (10th Cir. 2000)). As the Tenth Circuit has held:

> There is no more certain test for determining when experts may be used than the common sense inquiry whether the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute.

4

*United States v. Fredette*, 315 F.3d 1235, 1240 (10th Cir. 2003) (citing Fed. R. Evid. 702 advisory committee's note).

In this case, the government represents that, although Mr. Walters is a certified public accountant, he will not offer an expert opinion based on his knowledge and training. Instead, he will present only an explanation of the records he reviewed at the request of the Apache Gaming Commission and the fact that duplicate vouchers were contained in the records. He will also testify that, by using basic arithmetic, he arrived at a total amount reflected on the duplicate vouchers.

The Court agrees with the government that the process of adding a series of vouchers to arrive at a total amount does not require expert testimony because arithmetic calculations involving basic addition are within the scope of knowledge of a juror. There is no suggestion that Mr. Walters's calculation is based on anything other than basic addition of the amounts reflected on the vouchers. Accordingly, the Court concludes that he need not be qualified as an expert witness, and the requirements of Rule 702 and *Daubert* do not apply.[2] Mr. Logsdon's motion [Doc. No. 41] is DENIED.

IT IS SO ORDERED this 23rd day of October, 2013.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that, even if Mr. Walters had been designated as an expert, Mr. Logsdon's criticisms regarding the allegedly incomplete or otherwise deficient documents and records he reviewed would not necessarily render his testimony inadmissible under Rule 702 and *Daubert*. Such purported deficiencies obviously go to the weight of an expert's testimony rather than to its admissibility. *Daubert*, 507 U.S. 596; *Hertz Corporation v. Gaddis-Walker Electric, Inc.*, 1997 WL 606800, at * 4 (10th Cir. Oct. 2, 1997) (unpublished) (citing *Firestone Tire & Rubber Co. v. Pearson*, 769 F.2d 1471, 1482-83 (10th Cir. 1985)). Testimony based on incomplete or inadequate information is the proper subject of cross-examination and presentation of contrary evidence. *Daubert*, 507 U.S. 596.