# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-12-298-D |
| | ) | |
| KIMBERLY DAWN LOGSDON and | ) | |
| WILLIAM MICHAEL LOGSDON, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is the motion in limine [Doc. No. 61] of Defendant William Michael Logsdon ("Mr. Logsdon") to exclude at trial any evidence of, or reference to, Mr. Logsdon's prior criminal convictions. Pursuant to a Fed. R. Evid. 609(b)(2), the government filed a notice of its intent to introduce evidence of eight prior felony convictions if Mr. Logsdon testifies at trial, arguing that the convictions have probative value on the issue of his credibility.[1] Mr. Logsdon now seeks to preclude use of the convictions, contending that the government has failed to sufficiently identify the purpose of the evidence. Mr. Logsdon also argues that the convictions, which are more than ten years old, have no relevance to any issue, and their probative value is outweighed by their prejudicial impact on Mr. Logsdon.

In response to Mr. Logsdon's motion, the government states that it will not request admission of all eight prior felony convictions, but will seek to offer the following three convictions: 1) false declaration of ownership, CRF-1990-156, District Court of Caddo County, Oklahoma; 2) obtaining cash or merchandise by false and bogus check, CM-1997-324, District Court of Grady County,

---

[1] Rule 609(b)(2) requires the party seeking admission of prior convictions to provide reasonable notice to the Court and the other parties. In this case, the government filed its notice [Doc. No. 15] on April 25, 2013. Mr. Logsdon does not challenge the reasonableness or timeliness of the notice.

Oklahoma; and 3) obtaining cash or merchandise by false and bogus check, CM-1997-1119, District Court of Grady County, Oklahoma.[2]

The admissibility of evidence regarding a witness's prior felony convictions is governed by Fed. R. Evid. 609, which generally allows the use of such evidence for the purpose of challenging the witness's credibility, subject to certain requirements set forth in the Rule. *See* Fed. R. Evid. 609(a). Rule 609(a)(2) "makes evidence of prior criminal convictions involving 'an act of dishonesty or false statement' the most readily admissible of all prior convictions, presumably because such evidence is highly relevant for the jury in assessing credibility." *United States v. Jones*, 254 F. App'x 711, 723 (10th Cir. 2007) (unpublished).

Where, however, the conviction at issue is more than ten years old, Rule 609 imposes additional restrictions on its admissibility. "[W]here more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later," evidence of the conviction is "admissible only if" the following conditions are satisfied:

> (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Fed. R. Evid. 609(b)(1) and (2).

In this case, it is not disputed that the government provided the required written notice of its intent to offer evidence of Mr. Logsdon's prior felony convictions. It is also not disputed that all three of the convictions at issue are more than ten years old. Accordingly, the issue is whether the probative value of the evidence, supported by specific facts and circumstances, substantially

---

[2] Of the five remaining convictions, three involved crimes of burglary, one charged an aggravated assault, and one charged a failure to return rental property.

outweighs its prejudicial effect on Mr. Logsdon.

"Rule 609(b) states that evidence of such prior convictions is generally not admissible if more than ten years have elapsed." *United States v. Varnedore*, 73 F. App'x 356, 361 (10th Cir. 2003) (unpublished). Other courts have found that convictions more than ten years old "will be admitted very rarely and only in exceptional circumstances." *United States v. Fallon*, 348 F.3d 248, 254 (7th Cir. 2003) (citing *United States v. Shapiro*, 565 F.2d 479, 481 (7th Cir. 1977) (citing Notes of the Committee on the Judiciary, Senate Rep. No. 93-1277)); *see also United States v. Garcia*, 291 F.3d 127, 138 (2d Cir. 2002).

The Tenth Circuit has not expressly adopted the view that exceptional circumstances must be found, however, and it has determined the question of admissibility is a matter within the Court's discretion after applying the balancing requirements of Rule 609(b)(1). *United States v. Krueger*, 1994 WL 470195, at *2 (10th Cir. Aug. 31, 1994) (unpublished). "[T]he district court has the discretion to permit the introduction of prior convictions that fall outside of the ten year period." *United States v. Jefferson*, 925 F.2d 1242, 1256 (10th Cir. 1991), *cert. denied,* 502 U.S. 884 (1991). However, it may do so only after finding that a conviction's probative value *substantially* outweighs its prejudicial effect. *Id.* (citing Rule 609(b)(1)) (emphasis added).

In this case, the three convictions at issue were based on crimes which required proof of dishonesty or a false statement. In 1990, Mr. Logsdon was charged in Caddo County with the crime of a false declaration of ownership, and he was convicted of that crime. To convict him the state was necessarily required to prove some form of false declaration or statement by Mr. Logsdon, a fact that bears on his credibility. Each of the two remaining convictions, both occurring in criminal cases filed in 1997, charged him with obtaining cash or merchandise by a false and bogus check. By its

3

nature, that crime requires proof of deceptive conduct by the defendant. It also requires proof of fraudulent intent. *See Simpson v. State,* 267 P.2d 1008, 1010 (Okla. 1954).

Where the prior convictions at issue required proof of an act of dishonesty or a false statement, they are considered probative of a witness's credibility and are generally admissible. *See, e.g., Jones*, 254 F. App'x at 723. Thus, Mr. Logsdon's prior convictions for the cited crimes are probative of his credibility. If Mr. Logsdon testifies at trial, his credibility as a witness must be assessed by the jury in reaching its findings in this case. Evidence that bears on his credibility is relevant, and the Court finds the prior convictions for three crimes requiring proof of a false statement or fraudulent intent have probative value on the issue of his credibility.

Because the convictions are more than ten years old, however, their probative value does not mandate admissibility because the Rule requires the Court to also find that the probative value of the conviction, "supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Rule 609(b)(1).

The Tenth Circuit has not identified specific factors to be considered by the Court in performing the Rule 609(b)(1) balancing. The Circuit has held that the trial court is not required to "make explicit findings in determining the admissibility of prior convictions," but the record must reflect that it performed the requisite balancing. *See United States v. Howell*, 285 F.3d 1263, 1269-70 (10th Cir. 2002) (discussing the balancing required by Rule 609(a) for admission of a non-defendant witness's prior conviction).

Few reported decisions from other circuits have discussed the factors to be considered when performing the balancing required by Rule 609(b)(1). The circuit courts which have done so identify several factors that should be considered in assessing the probative value of the prior

4

conviction, including: 1) whether the defendant's credibility is a crucial issue; 2) whether the impeachment value of the prior conviction is high; 3) whether the prior crime of conviction and the charged crime are so similar as to invite improper inferences; and 4) whether the age of the prior conviction and the defendant's subsequent history suggest his rehabilitation. *United States v. Gilbert*, 668 F.2d 668 F.2d 94, 97 (2d Cir. 1981) (citing *United States v. Sims*, 588 F.2d 1145, 1149 (6th Cir. 1978) and *United States v. Mahler*, 579 F.2d 730, 734, 736 (2d Cir. 1978), *cert. denied*, 439 U.S. 991(1978)).

Applying those factors in this case, the first and second factors support the admissibility of Mr. Logsdon's prior convictions based on their probative value. As noted, *supra,* the credibility of a testifying defendant is a crucial issue to be assessed by the jury. Additionally, because the three convictions all involve dishonest acts or false statements, their impeachment value is high.

With respect to the third factor, the Court acknowledges that two of the crimes with which Mr. Logsdon is charged involve a false statement or a dishonest act: the charge of perjury based on his alleged false testimony to a federal grand jury, and the charge of willful failure to file a 2008 federal tax return. Thus, there is a possibility that the similarity between the charged crimes and the past convictions could risk an inference that his past convictions are evidence that he is guilty of the current crimes charged. The Court is satisfied, however, that such risk can be minimized by express cautionary instructions to the jury regarding the limitations on their consideration of Mr. Logsdon's prior convictions. When prior convictions are admitted, this Court includes a specific instruction to the jury regarding the proper scope of its consideration of past convictions, and expressly instructs the jury that it may not consider a past conviction as evidence that a defendant is guilty of a charged crime. The Court will do so in this case.

With respect to the final factor regarding the degree to which a defendant may have been rehabilitated during the time period since his last conviction, there is no evidence before the Court that Mr. Logsdon contends he has been rehabilitated. Nothing in this regard has been brought to the Court's attention by either party, and the Court does not find this factor significant to its decision.

Having applied the suggested factors to this case, the Court concludes that the factors weigh decidedly in favor of admitting the three prior convictions. Accordingly, the Court finds the convictions have significant probative value.

Whether the probative value "substantially outweighs" the prejudicial impact of the evidence must also be determined. The Tenth Circuit has generally addressed consideration of prejudice in the context of Rule 609(b) by stating that "it is obvious that prejudice is always present when meaningful evidence is introduced against the defendant." *United States v. Halbert*, 668 F.2d 489, 494-95 (10th Cir. 1982), *cert. denied,* 456 U.S. 934 (1982). When balancing the probative value of Rule 609(b) evidence against the prejudice resulting to a defendant, "[w]hat the weighing calls for is elimination or avoidance of an emotional reaction not based on reason." *Id.* In *Halbert*, the Circuit found the trial court had properly determined evidence of a prior conviction was admissible under Rule 609(b), but it did not prescribe a framework for the balancing of probative value versus prejudicial impact.[3]

Evidence of Mr. Logsdon's three prior convictions necessarily may have some prejudicial

---

[3]Although the Tenth Circuit has considered the meaning of "substantially outweighs" in the context of Fed. R. Evid. 403, that analysis is not dispositive because Rule 403 provides that relevant evidence may be excluded only "if its prejudicial value substantially outweighs its probative value." *United States v. Smith*, 534 F.3d 1211, 1218 (10th Cir. 2008). According to the Circuit, "[t]his means that the evidence will likely 'provoke[] an emotional response in the jury or otherwise tend[] to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged.'" *United States v. Robertson*, 297 F. App'x 722, 728 (10th Cir. 2008) (unpublished) (quoting *Smith*, 534 F.3d at 1219). The Rule 609(b)(1) balancing requires essentially the reverse finding, as the probative value must substantially outweigh the prejudicial impact of the evidence.

6

impact on him. However, the resulting prejudice is no greater than that faced by any defendant whose prior convictions are admitted. As the government points out, prior convictions involving crimes of violence create a greater risk of prejudice based on the potential emotional impact upon the jury. *See Halbert*, *supra*. However, the convictions at issue here do not involve violence or other conduct that creates a significant risk of an emotional response by the jury. Furthermore, as discussed, *supra*, the Court will expressly instruct the jury and limit its consideration of the prior convictions to the issue of credibility.

Finally, the Court concludes that the potential prejudicial impact of the evidence can be minimized by ensuring the scope of the cross-examination of Mr. Logsdon regarding these crimes is narrow. When evidence of a prior conviction is admitted, the scope of the questioning regarding that conviction is limited:

> We have held in several cases involving the admissibility of prior convictions of the accused, that "[o]rdinarily, it is improper for the prosecution to examine into the details of the crime for which the *accused* was convicted. The cross-examination should be confined to a showing of the essential facts of convictions, *the nature of the crimes*, and the punishment." *United States v. Albers*, 93 F.3d 1469, 1479–80 (10th Cir.1996) (quoting *United States v. Wolf*, 561 F.2d 1376, 1381 (10th Cir.1977) (emphasis added)).

*United States v. Howell*, 285 F.3d 1263, 1267 (10th Cir. 2002) (emphasis in original).

Having fully considered the parties' arguments, the Court finds and concludes that Mr. Logsdon's three prior convictions have substantial probative value on the issue of his credibility in the event he testifies at trial. The Court further finds that, based on the facts and circumstances discussed herein, the probative value of the evidence substantially outweighs the risk of prejudice resulting from its admission. Further, as explained herein, the Court will take appropriate measures to minimize any prejudicial impact by limiting the scope of the evidence to be permitted during the

7

cross-examination of Mr. Logsdon, and by instructing the jury that it may consider the evidence only as it bears on the issue of credibility. Accordingly, the motion of Mr. Logsdon [Doc. No. 61] is DENIED.

IT IS SO ORDERED this 7th day of November, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE